THE STATE OF SOUTH CAROLINA

THIS
OPINION HAS NO PRECEDENTIAL VALUE.  IT
SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David W. Goldman and Emilie E. Goldman,       
Respondents,
 
 
 

v.

 
 
 
RBC, Inc.,       
Appellants.
 
 
 

Appeal From Sumter County
Thomas W. Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-362
Submitted May 13, 2004  Filed June 
 4, 2004

 AFFIRMED

 
 
 
James Edward Bell, III, of Sumter, for Appellant.
Kristi F. Curtis, of Sumter, for Respondents.
 
 
 

PER CURIAM:  RBC, Inc. appeals the trial courts 
 grant of summary judgment to David and Emily Goldman in this action to quiet 
 title to a railroad track adjacent to the Goldmans property. RBC contends that 
 its predecessor in interest acquired a fee simple in the property because the 
 owners did not apply for an assessment or compensation within ten years of the 
 railroads completion. 
We affirm pursuant to Rule 220, SCACR, and the following 
 authorities:  Faulkenberry v. Norfolk S. Ry. Co., 349 S.C. 318, 325, 
 563 S.E.2d 644, 648 (2002) (We adhere to the wealth of authority in this state 
 and hold that [the statutory grants] created only an easement in the [r]ailroads.); 
 Eldridge v. City of Greenwood, 331 S.C. 398, 503 S.E.2d 191 (Ct. App. 
 1998) (holding that a railroads interest acquired through a statutory presumption 
 of grant is a mere easement  under South Carolina law). 
 AFFIRMED.
 HEARN, C.J., ANDERSON and BEATTY, JJ., concur.